**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**KENNETH RAY BRADFORD**                              **CIVIL ACTION**

**VERSUS**

**JAMES LEBLANC, ET AL**                               **NO. 11-312-BAJ-M2**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, June 17, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KENNETH RAY BRADFORD**                        CIVIL ACTION

**VERSUS**

**JAMES LEBLANC, ET AL**                        NO. 11-312-BAJ-M2

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court relative to the "Affidavit in Support of Criminal Complaint and Arrest Warrant" filed by Kenneth Ray Bradford ("Bradford"), which the Court has construed as a civil complaint. Through such affidavit/complaint, Bradford seeks to have this Court institute a criminal complaint against James LeBlanc, the Secretary of the Louisiana Department of Public Safety and Corrections, and Steve Rader, Warden of Dixon Correctional Institution, and to issue warrants for their arrest on charges of false imprisonment, criminal conspiracy, kidnapping, and trespassing. This action is subject to dismissal as frivolous.[1] It is well established that private citizens can neither bring a direct criminal action against another person nor can they petition the federal courts to compel the criminal prosecution or arrest of another person.[2]

---

[1] Pursuant to the provisions of 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Cf., Green v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Hicks v. Garner*, 69 F.3d 22 (5th Cir. 1995). A §1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. *Cf., Green v. McKaskle, supra.*

[2] *See, Ellen v. Stamm*, 951 F.2d 359 (9th Cir. 1991), *cert. denied*, 506 U.S. 1047, 113 S.Ct. 963 (1993)(Private citizens filed suit in federal district court requesting that the court file two criminal complaints against law enforcement officers. The district court denied their request, and the plaintiffs appealed to the U.S. Ninth Circuit Court of Appeals, arguing that the district court violated their First Amendment right to petition the government for redress of grievances and their alleged "right to file a criminal complaint against other citizens for violating citizens' constitutional rights and for offenses against

1

## **RECOMMENDATION**

It is therefore recommended that this suit be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §1915(e).

Signed in chambers in Baton Rouge, Louisiana, June 17, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

the United States." The Ninth Circuit noted that private citizens can neither bring a direct criminal action against another person nor can they petition the federal courts to compel the criminal prosecution of another person. The court of appeals therefore concluded that the district court had not erred in refusing to allow the plaintiffs to file criminal charges or to request that the district court compel prosecution based on those charges); *Maine v. Taylor*, 477 U.S. 131, 137 (1986); *Heckler v. Chaney*, 470 U.S. 821, 832 (9185); *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981); *United States v. General Dynamics Corp.*, 828 F.2d 1356, 1366 (9th Cir. 1987).